**NORGAARD O'BOYLE & HANNON**
184 Grand Avenue
Englewood, New Jersey 07631
Telephone Number (201) 871-1333
Facsimile Number (201) 871-3161
*Attorneys for Debtors*
By: Karl J. Norgaard, Esq.
knorgaard@norgaardfirm.com

| | |
|---|---|
| In Re:<br><br>HASHAM SYED and<br><br>NIGHAT SYED,<br><br>                              Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 13<br><br>Case No. 22-17137-VFP<br><br>HEARING DATE: March 2, 2023 |

**CERTIFICATION IN OPPOSITION TO CONFIRMATION OF MODIFIED CHAPTER 13 PLAN FILED BY CHARLES FORMAN CHAPTER 7 TRUSTEE FOR PRESTIGE AMERICA MFG. CORP.**

I, Hasham Syed, declare under penalty of perjury as follows:

1. I am the Debtor in the above captioned matter and I am familiar with the facts contained in this Certification in opposition to the Objection to Confirmation of my Chapter 13 plan filed by Judah B. Lowenstein on behalf of Charles Forman, as Chapter 7 Trustee for Prestige America Mfg Corp. docket entry 51.

2. Although the objection asserts that my modified plan as it was not filed in good faith, this assertion is incorrect for the reasons set forth herein and as well as for the reasons set forth in my opposition to Chapter 13 trustee's objection to confirmation of my modified plan, which substantially increases my chapter 13 plan payment to $5,500.00 per month.

3. As asserted by Mr. Forman in the objection to exemption bearing docket entry number 54 there is no equity in my residence located at 54 Saw Mill Road, Kinnelon, New Jersey

("Property") as a result of certain mortgages encumbering the Property. As a showing of good faith and as set forth below, it is my intention to avoid these mortgages for the benefit of my unsecured creditor body and not assert any right to an exemption pursuant to 11 U.S.C. section 522(d)(1).

4. Additionally, with my Property valued at $950,000.00, after deducting costs of sale the remaining balance would be $855,000.00, which after deducting secured creditor's claim in the amount of $793,330.40, would leave only $61,669.60 available to unsecured creditors while my chapter 13 plan provides for payments totaling $301,050.00. Even if the Property were valued at $1,050,000.00 the liquidation analysis would yield a distribution in the amount of $151,600.00. Even assuming that a chapter 7 trustee would recover the transfers set forth in parts 7 and 18 of my statement of financial affairs the amount recovered without deducting any costs for administration would be $78,138.75 ($5,000.00 + $45,000.00 + $28,138.75). The total distribution would be $229,738.75.

5. I am also seeking to assert the chapter 13 trustee's powers to avoid the mortgages of Ali Hashmi and Amzid Mousalim, with a cap on attorneys fees at $5,000.00 for each case as well as seeking to avoid the judgment of Sola Realty LLC with my attorney's fees capped at $10,000.00. Deducting the maximum of capped fees from the $301,050.00 would result in a distribution of $281,050.00, which still significantly exceeds the $229,738.75 set forth in the liquidation analysis above, which again does not even include a chapter 7 trustee's costs of administration, which could easily exceed $20,000.00.

6. Regarding my income from employment from Prestige Linens and Essentials LLC (the "Company"), it was my understanding that I would only be considered an employee if I was paid as a W-2 employee by the Company, which I was and am not. Although my son is the legal owner of the Company, I manage the day-to-day operations of the Company and considered myself

to be a 1099 employee but have now learned that I am an independent contractor and have revised my petition accordingly. My initial schedules did disclose proceeds received from the Company but since it is my son's Company I listed that I receive $10,000.00 from family contributions. I have now learned that I may have been mistaken in my response to the Information Subpoena and seek to correct my response via this Certification and amendment to my petition, which is made in good faith and with full disclosure.

7. It has always been my intention to provide for my family and to leave a profitable business for my son to operate for the benefit of our family. I am doing all that I can to grow this Company for the benefit of my family and for the benefit of my unsecured creditors.

8. Regarding my son's income (Zeshan) set forth on his K-1, the gross sales were over $100,000.00, but contributing $2,600.00 per month would only require net sales in the amount of $31,200.00, as the estimated net profit on the sales is approximately $70,000.00.

9. Regarding the 2020 Land Rover and the BMW, my wife who is also a Debtor herein cosigned the this vehicle with my other son Hassan and BOTH contracts are being rejected per the terms of my modified plan. The statement that Zeshan is the codebtor on these obligations was an honest mistake that I will correct by filing an amendment to my schedules and this mistake has no negative affect on distributions to my creditors proposed by my modified chapter 13 plan.

10. In response to the objections that the vehicle expenses are too high and as a showing of good faith my wife has decided to reject the BMW lease as well as the financing agreement related to the Land Rover.

11. Regarding the listing or failure to list certain businesses that I had an ownership interest in, I made the trustee aware of same. In fact, Prestige America MFG. Corp. utilized

Prestige Home Linen as it's dba and as such they are the same company. Prestige Recycling LLC is still open but is not operating as it was a failed business venture with no value.

12. The operation of these businesses was an attempt to generate income to support my family and make payments to my creditors, which further evidences my good faith.

13. Although, the check from Nuzhat Rizvi is labeled as a "gift", after the closing she was in need of return of these monies, and I felt obligated to repay her as it is common for my family to assist each other financially when needed. Even assuming that a chapter 7 trustee would avoid this payment, I am still repaying creditors more than they would receive under a chapter 7 liquidation analysis as set forth above (I am paying $301,050.00 and if included the liquidation analysis would only be increased by $45,000.00 as set forth above).

14. In my culture it is common for a family to share income and expenses. It is also common for our income to be derived from the operation of a business or of several businesses. Some months are better than others for numerous reasons including but not limited to a fluctuation in the sales and costs of the business we are operating. At times, goods are damaged or lost and we have to take that loss. Other times, goods are delivered, and significant profits are derived.

15. As set forth above, my entire family is making our best efforts to repay our creditors to the best of our ability, which shows our good faith. Even assuming that the trustee is successful in objecting to my exemption and even if all of his allegations are true I am still repaying my creditors more than they would receive in a chapter 7 liquidation analysis and therefore my good faith efforts to repay my creditors are even more clear.

16. For the aforementioned reasoning, the Creditor respectfully requests that the Court confirm my chapter 13 plan.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: February 28, 2023

/s/     *Hashmi Syed*
Hashmi Syed