**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)
**NORGAARD O'BOYLE & HANNON**
**Karl J. NORGAARD, ESQ. (KN 4764)**
knorgaard@norgaardfirm.com
184 Grand Avenue
Englewood, New Jersey 07631
(201) 871-1333
*Attorneys for Debtors*

Order Filed on August 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

**Hashim Syed and Nighat Syed,**

Debtors.

Chapter 13

Case No. 22-17137(VFP)

Hearing Date: August 17, 2023

Time: 10:00am

## CONSENT ORDER AUTHORIZING SALE OF PROPERTY, ALLOWING LEGAL FEES AND ALLOWING BROKERS' COMMISSION

The relief set forth on the following pages, numbered (2) through (5), is hereby **ORDERED**.

**DATED: August 18, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Debtor: **Hashim Syed and Nighat Syed,**
Case No. 22-17137 (VFP)
CONSENT ORDER AUTHORIZING SALE OF PROPERTY, ALLOWING LEGAL FEES AND ALLOWING BROKERS' COMMISSION

---

THIS MATTER came to the attention of the Court upon the motion of the Debtor for an Order Authorizing the Sale of certain Real Property and Allowing Legal Fees and Broker's Commission. The Parties having agreed to the terms of this order on notice to all creditors and parties in interest, and good cause having been shown:

It is ORDERED as follows:

1. Pursuant to 11 U.S.C. Sec. 363(b), et seq. and 11 U.S.C. section 363(f), the Debtor is authorized to sell the real property commonly known as 54 Saw Mill Road, Kinnelon, New Jersey 07405 (the "Property"), to Christopher and Katheryn Loayza ("Purchasers") under the contract signed by the Debtor and Purchasers for the sum of $1,125,000.00, which includes a $15,000.00 Seller credit free and clear of liens, claims and encumbrances, with valid liens, claims and encumbrances to attach to the proceeds of sale in the same order of priority as presently exists.

2. At closing, the Debtors shall pay:

    a. the secured claim held by Am/West Funding Corp. in full;

    b. broker's commission of 5% of which the Debtor is permitted to retain $10,000 of this amount per agreement with Broker, and which shall reduce the amount of the Debtor's 11 U.S.C. § 522(d)(1) exemption claim;

    c. customary closing costs up to $300;

    d. Norgaard, O'Boyle & Hannon may be paid $2,000.00 at closing as attorney for Debtor;

    e. the remaining proceeds shall be held in the trust account of the debtor's

attorney and not released until further order of the Court.

3. At closing, the Debtor shall not be required to pay the judgment held by Sola Realty, LLC as this claim will be determined and only paid pending further order of the Court.

4. The sale is deemed exempt from payment of a realty transfer fee or tax pursuant to the provisions of 11 U.S.C. §§ 363 and 1303 and pursuant to *N.J.S.A*. 46:15-10(g)..

5. Pursuant to 11 U.S.C. §§ 328(a) and 503(b)(1), the Debtor has moved to appoint Scott Cowan of Keller Williams Town Realty and the Court has granted their request via Order entered on April 18, 2023 (Doc. 94-1). The proposed brokers commission for this sale is 5% of the sale price, which shall be taken from the gross sales proceeds of the sale and distributed at closing.

6. Pursuant to 11 U.S.C. §§ 328(a) and 503(b)(1), the Debtor has moved to appoint Karl J. Norgaard, Esq. as closing counsel to the Debtor in connection with the sale of the Property. The proposed counsel fee of $2,000.00 shall be paid at Closing.

7. The funds described in Paragraphs 2 and 5, above, shall be tendered at the closing of title and therefore, outside of the Debtor's chapter 13 plan.

8. The Debtor Hashim Syed's right to an exemption pursuant to 11 U.S.C. section 522(d)(1) in the amount of $27,900.00 shall not be paid at closing but rather shall be determined by further order of the Court. In no event shall the Debtor be entitled to receive more than $27,900.00 from sale proceeds based on his exemption, if any, pursuant to 11 U.S.C. section 522(d)(1).

9. All of the Debtor's interest in non-exempt proceeds from the sale of the Property shall be held in escrow by the Debtor's attorney and not released until further order of the Court.

10. The Debtor shall continue to make plan payments as per his proposed plan, subject

to any future modifications as permitted by the Court.

11. As a result of the Sale, the Debtor will have a reduction of his monthly income and expenses and as such a modified plan will need to be filed to reflect the new monthly income and expenses. Debtor shall file amended schedules I & J and an Amended Chapter 13 plan within 45 days of the completion of the Sale.

12. The stay set forth in Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy shall not apply to this Order and the Order shall be effective immediately.

13. Notwithstanding Bankruptcy Rule 6004(h) this Order is effective immediately upon entry.

*The undersigned hereby consent to
the form and entry of the within Order:*

| | |
|---|---|
| **MELLINGER KARTZMAN LLC** *Attorneys for Trustee Charles M. Forman* | **NORGAARD, O'BOYLE & HANNON** *Attorneys for Debtors, Hasham R. Syed and Nighat A. Syed* |
| By:  /s/ Steven Jayson<br>STEVEN JAYSON, ESQ.<br>Dated: August 10, 2023 | By:  */s/ Karl J. Norgaard*<br>KARL J. NORGAARD, ESQ.<br>Dated: August 10, 2023 |
| **SHAPIRO, CROLAND, REISER, APFEL & DIIRIO, LLP** *Attorneys for Sola Realty, LLC* | **SCURA, WIGFIELD, HEYER, STEVENS & CAMMORATA, LLP** *Attorneys for Amzad Mursalim* |
| By:  /s/ John Di Iorio<br>JOHN DIORIO, ESQ.<br>Dated: August 10, 2023 | By:  */s/ David Stevens*<br>DAVID STEVENS, ESQ.<br>Dated: August 10, 2023, 2023 |

**MARIE-ANN GREENBERG**
*Joseph Petrolino on behalf of Marie Ann Greenberg Chapter 13 Trustee*

By:  /s/ Joseph Petrolino
Dated: August 10, 2023