**SHAPIRO, CROLAND, REISER**
**APFEL & DI IORIO, LLP**
John P. Di Iorio, Esq.
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ 07601
Tele: (201) 488-3900
Fax: (201) 488-9481
Attorneys for Creditor, Sola Realty LLC

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| HASHIM R. SYED AND NIGHAT SYED, | Chapter 13 |
| Debtors. | Case No. 22-17137(VFP) |
| | Hearing Date: September 21, 2023 at 10:00 a.m. |

## OBJECTION OF SOLA REALTY LLC TO MOTION RESOLVING TRUSTEE'S CLAIM AGAINST THE CHAPTER 13 DEBTORS IMPOSING A CONSTRUCTIVE TRUST OVER PROPERTY LOCATED AT 54 SAW MILL ROAD, KINNELON, NEW JERSEY

Sola Realty LLC ("Sola") hereby objects to the Motion of Charles M. Forman, Chapter 7 Trustee for entry of an Order pursuant to F.R.B.P. 9019 resolving Trustee's claim against the Chapter 13 Debtors imposing a constructive trust over property located at 54 Saw Mill Road, Kinnelon, New Jersey (the "Motion"). In support of its objection to the Motion, Sola respectfully represents:

### THE CLAIMS OF SOLA AND THE TRUSTEE

1. On September 8, 2022 Hashim Syed ("H. Syed") and Nighat Syed (jointly with H. Syed, the "Chapter 13 Debtors"), voluntarily filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

2. On December 1, 2021, Prestige America Mfg. Corp. (the "Chapter 7 Debtor" or "Prestige"), previously owned by H. Syed, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2232961.1

A. <u>The Sola Claim</u>

3. On December 2, 2021, Charles M. Forman (the "Trustee") was appointed as the chapter 7 Trustee and is duly qualified and presently acting as such.

4. Sola is the former landlord of Prestige and filed an unsecured claim in Prestige's chapter 7 case for damages arising from the rejection of Prestige's Lease with Sola.

5. H. Syed personally guaranteed Prestige's Lease with Sola.

6. On April 4, 2022, Sola obtained a judgment against H. Syed in the amount of $98,199.99 plus interest (the "Sola Judgment"). The Sola Judgment was docketed with the Superior Court of New Jersey on April 14, 2022. A copy of the Sola Judgment is attached as Exhibit A.

7. Sola filed a secured proof of claim in the amount of the Sola Judgment in the instant chapter 13 case.

8. The Chapter 13 Debtors filed a complaint to avoid the lien of the Sola Judgment pursuant to section 544(b) of the Bankruptcy Code. Sola challenges the Chapter 13 Debtors' standing to file such an action in accordance with the opinions in <u>In Re Knapper</u>, 407 F.3d 573, 583 (3d Cir. 2005); <u>In Re Hannah</u>, 316 B.R. 57, 61 (Bankr. D.N.J. 2004); and <u>In Re Steck</u>, 298 B.R. 244 (Bankr. D.N.J. 2003).

9. Alternatively, in the event it is determined that the Chapter 13 Debtors have standing to avoid the lien of the Sola Judgment under section 544(a), as Judge Altenburg held in a recent opinion, a chapter 13 debtor has standing to recover only up to the amount of his exemption in accordance with section 522(h) of the Bankruptcy Code. <u>In Re Wright</u>, 649 B.R. 625 (Bankr. D.N.J. 2023), <u>motion for reconsideration granted in part, denied in part</u>, 2023 Bankr. LEXIS 1326 (Bankr. D.N.J. 2023).

B. <u>The Trustee Claim</u>

10. The Trustee asserts a claim against H. Syed in the amount of $211,000 based on an alleged fraudulent transfer made by the Chapter 7 Debtor to H. Syed on August 24, 2021, which H. Syed used to purchase the property located at 54 Saw Mill Road, Kinnelon, New Jersey

2

(the "Property"). As a result thereof, the Trustee asserts he is entitled to a constructive trust over the proceeds of the sale of the Property.

11. The Property has been sold by H. Syed to fund, in substantial part, a chapter 13 plan he will propose following the ruling on the Motion.

12. After payment of the mortgage against the Property and a realtor's commission, net sale proceeds of about $226,500 will be available to fund the Chapter 13 Debtor's plan.

## OBJECTIONS TO THE PROPOSED SETTLEMENT

13. Based upon the Trustee's assertion of a constructive trust with regard to the Property, the Trustee and the Chapter 13 Debtors, and not the Chapter 13 Trustee, are proposing a settlement which is not beneficial to anyone but the Trustee and the misbehaving Debtor, H. Syed.

14. Preliminarily, even though the Trustee asserts a claim of $211,000, the proposed settlement seeks to allocate distribution of the entire $226,500 in net sale proceeds. Specifically, the settlement provides for the following payments of the approximately $226,500 in available sale proceeds:

- Not less than $160,000 to the Trustee;
- The Chapter 13 Debtors' attorneys' fees of $28,000;
- $20,692.13 to the New Jesey Division of Taxation to satisfy its judgment for unpaid taxes of the Chapter 13 Debtors; and
- $15,000 to H. Syed on account of his exemption.[1]

15. Under the proposed settlement, no funds will remain for distribution to Sola on account of its secured claim or to unsecured creditors.

16. Initially, it is the Chapter 13 Trustee, pursuant to section 1302(5), who shall examine proofs of claim and object if appropriate. Here, although the Trustee may not have filed a proof of claim, contending instead that he is entitled to a constructive trust, in a situation such as this where no monies will be paid to any creditors other than payments to H. Syed or

---

[1] Presumably, the Chapter 13 Trustee's commission will be paid from other nominal contributions to be made under the to be proposed chapter 13 plan.

3

payments for the benefit of the Chapter 13 Debtors to the State of New Jersey for non-dischargeable tax liability and his counsel fees, the Chapter 13 Trustee, and not H. Syed, should be evaluating, and if appropriate, resolving the constructive trust claim of the Trustee.

17. Furthermore, the availability of asserting a constructive trust as determined under state law to reorder the order of distributions to creditors as set forth in the Bankruptcy Code has been rejected by the Second Circuit Court of Appeals.

18. As the Second Circuit Court of Appeals recognized in In Re Ades & Berg Group Investors, 550 F.3d 240 (2d Cir. 2008), constructive trusts should not be imposed without a substantial reason to do so as they "wreak…havoc with the priority system ordained by the Bankruptcy Code." Id. at 244. Furthermore, in upholding its earlier opinion in In Re First Central Financial Corp., 377 F.3d 209 (2d Cir. 2004), the Ades Court stated:

> …retention by the bankruptcy estate of assets that, absent bankruptcy, would go to a particular creditor is not inherently unjust.

Id. at 245.

19. The Sixth Circuit Court of Appeals similarly applied the same reasoning in In Re Omegas Group, 16 F.3d 1443 (6th Cir. 1994) in refusing to impose a constructive trust. Initially, the Omegas Court noted that the Bankruptcy Code does not provide in section 541 that property subject to a constructive trust is excluded from the estate. Id. at 1448.

20. As the Omegas Court stated:

> The reluctance of Bankruptcy Courts to impose constructive trusts without a substantial reason to do so stems from the recognition that each unsecured creditor desires to have his particular claim elevated above the others. Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly.

Id. 1450.

21. The Omegas Court concluded that a constructive trust claim not reduced to judgment before bankruptcy should not be recognized and instead treated as an unsecured claim. Id. 1452.

4

22. As further noted by the <u>Omegas</u> Court, the appropriate remedy to prevent the priority distribution scheme of the Bankruptcy Code from being put on its head is for the Trustee to object to N. Syed's discharge, not to share the sale proceeds with or for the benefit of the Chapter 13 Debtors as the settlement proposes to do. <u>Id</u>.

**WHEREFORE**, Sola respectfully requests that the Court enter an order denying the Motion and granting such and other further relief as is equitable and just.

                              SHAPIRO, CROLAND, REISER,
                              APFEL & DI IORIO, LLP
                              Attorneys for Creditor, Sola Realty LLC

                              By: _____
                                   John P. Di Iorio

Dated: September 14, 2023

# EXHIBIT A

SHAPIRO, CROLAND, REISER,
 APFEL & DI IORIO, LLP
John P. Di Iorio— Atty. ID 021691985
Continental Plaza II
411 Hackensack Avenue, 6th Floor
Hackensack, NJ 07601
Tel.: (201) 488-3900
Fax: (201) 488-9481
Attorneys for Plaintiff, Sola Realty LLC

| | |
|---|---|
| SOLA REALTY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HASHIM RAZA SYED a/k/a SYED H. HASHMI a/k/a HASHIM RAZA HASHMI,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-008078-21<br><br>Civil Action<br><br>JUDGMENT BY DEFAULT<br>AGAINST DEFENDANT |

The Defendant, Hashim Raza Syed a/k/a Syed H. Hashmi a/k/a Hashim Raza Hashmi, having been fully served with process and a copy of the Complaint in the above captioned action; and said Defendant having defaulted for failure to plead; and said Defendant not being an infant or incompetent person; and it appearing from the Certification of Proof and Non-Military Service filed in this action that Plaintiff, Sola Realty LLC, is entitled to a judgment for the relief requested in the Complaint; it is

ORDERED on this 4th day of April 2022 that Final Judgment be entered in favor of Plaintiff, Sola Realty LLC, and against Defendant, Hashim Raza Syed a/k/a Syed H. Hashmi a/k/a Hashim Raza Hashmi, in the sum of $98,199.99.

_____
Michelle M. Smith, Esq.
Clerk of Superior Court

2169694.1