# MELLINGER KARTZMAN LLC
## ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

LOUIS P. MELLINGER
STEVEN P. KARTZMAN
JUDAH B. LOEWENSTEIN
STEVEN A. JAYSON
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

Tel: (973) 267-0220
Fax: (973) 267-3979

www.msklawyers.com

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN

Electronic Mail:
skartzman@msklaw.net
jloewenstein@msklaw.net
sjayson@msklaw.net

September 19, 2023

**VIA CM/ECF**
Hon. Vincent F. Papalia
United States Bankruptcy Court -- District of New Jersey
50 Walnut Street
Courtroom 3B
Newark, New Jersey 07102

RE:   **HASHIM SYED and NIGHAT SYED**
      **Case No.: 22-17137 (VFP)**

Dear Judge Papalia,

This office is counsel to Charles M. Forman, as Chapter 7 Trustee for Prestige America Mfg. Corp. (the "Trustee"). Please accept this letter brief, in lieu of a more formal pleading, replying to Sola Realty LLC's ("Sola Realty") Opposition to the Trustee's Motion for Entry of an Order Pursuant to FED. R. BANKR. P. 9019 Resolving Trustee's Claim Against the Chapter 13 Debtors Imposing a Constructive Trust over Property Located at 54 Saw Mill Road, Kinnelon, New Jersey (the "Motion"). [Dkt. Nos. 132 and 138].

## LEGAL ARGUMENT

### 1. SOLA'S CLAIM HAS NO BEARING ON THE TRUSTEE'S MOTION

### (a) THE CHAPTER 13 TRUSTEE ENTERED INTO A CONSENT ORDER WITH THE CHAPTER 13 DEBTORS

Sola Realty "challenges the Chapter 13 Debtors' standing to file [a complaint to avoid the lien of the Sola Judgment] . . . ." [Dkt. No. 138 ¶8]. However, the Chapter 13 Trustee and the Chapter 13 Debtor, Hashim Syed ("H. Syed"), entered into a Consent Order permitting H. Syed "through his counsel, Karl J. Norgaard and the Law Firm of Norgaard, O'Boyle & Hannon, to exercise the powers provided to the Trustee under §11 U.S.C. 544 [sic], §11 U.S.C. 547 [sic] and §11 U.S.C. 548 [sic] to initiate an Adversary Proceeding seeking to void the judgment lien of Sola Realty LLC . . . ." [Dkt. No. 79]. That

Hon. Vincent F. Papalia
September 19, 2023
Page 2

_____

Consent Order was then entered by the Court. Accordingly, the Debtor plainly has the authority necessary to pursue the avoidance of the lien of Sola's judgment.

Similar Consent Orders have been approved by Judges in our District for almost twenty (20) years. In *Ryker v. Current (In re Ryker)*, 315 B.R. 664, 665 (Bankr. D.N.J. 2004) the Court held that although Chapter 13 Debtors do not independently have standing to pursue Chapter 5 avoidance actions (other than under §522(h)), "… the debtor may request that the Chapter 13 trustee ratify, join or seek substitution as the plaintiff in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7017." Later in the litigation, the Third Circuit recounted the procedural history of the case, and specifically the Bankruptcy Court's determination that the Chapter 13 Trustee could ratify the Debtor's adversary proceeding and did so. The Bankruptcy Court's holding on the standing issue was thus authorized by the Third Circuit. *In re Ryker* 2007 U.S. App. Lexis 17993. In the matter now before the Court, the Chapter 13 Trustee ratified H. Syed's actions when it entered into the limited Consent Order to allow H. Syed to bring an action against Sola Realty under 11 U.S.C. § 544. [Dkt. No. 79].

In *In re Rosenblum*, 545 B.R. 846, 851 (Bankr. E.D. Pa. 2016) the Court held that:

> when a Chapter 13 trustee declines to file an avoidance action which will directly benefit the estate because the Chapter 13 trustee has insufficient resources to pursue such action, the Court may use its equitable power under § 105(a) to confer derivative standing upon a creditor to file such action under § 544(b).

Judge Sherwood in *Morawski v. Effect Lake, LLC (In re Morawski)*, Nos. 20-12079, 20-01125, 2022 Bankr. LEXIS 1026 (Bankr. D.N.J. Apr. 11, 2022), a case where Ms. Greenberg was the Chapter 13 Standing Trustee, cited to *Rosenblum* in his decision. Judge Sherwood wrote that:

> the Third Circuit has recognized that bankruptcy courts can confer derivative standing upon parties other than the trustee to pursue § 548 actions.[footnote omitted]. Pursuant to the reasoning in *Cybergenics*, the Court entered a Consent Order on March 25, 2022 conferring derivative standing upon the Debtor to pursue this § 548 action.

(*Id.* at *6-7).

In *Hackler v. Arianna Holdings Co., LLC (In re Hackler)*, 571 B.R. 662, 664 (Bankr. D.N.J. 2017) "[t]he same day as the bankruptcy filing, Debtor filed the present adversary proceeding, seeking to avoid the October 6, 2016 transfer of the Property to Arianna. Almost immediately, this motion for summary judgment was filed. Arianna objected and filed a Cross-Motion for Summary Judgment." The Court held that "[a]llowing avoidance of a transfer of property made pursuant to the entry of judgment on a tax sale foreclosure is not inconsistent with state law." (Id. at 668). The Debtor's standing to bring such a suit was never discussed as an impediment to the avoidance action by the Bankruptcy Court.

Hon. Vincent F. Papalia
September 19, 2023
Page 3

_____

The decision was appealed to the United States Court of Appeals for the Third Circuit. The Third Circuit in dicta stated that:

> [t]he Bankruptcy Court exercised jurisdiction over the matter as a "core proceeding" under bankruptcy law. 28 U.S.C. §§ 157(a); 157(b)(2)(F); 1334(a). The District Court exercised jurisdiction over the appeal under 28 U.S.C. § 158(a)(1). We have appellate jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. In a bankruptcy appeal, we exercise plenary review over the bankruptcy court's grant of summary judgment. *In re AE Liquidation, Inc.*, 866 F.3d 515, 522 (3d Cir. 2017). Arianna does not argue that the Transfer fails to meet any of the elements of § 547(b) and so this case presents no dispute of fact.

*Hackler v. Arianna Holdings Co., LLC (In re Hackler)*, 938 F.3d 473, 476 n.6 (3d Cir. 2019). The Third Circuit also recognized that the debtor could bring an adversary proceeding against a creditor when authorized by the Chapter 13 Trustee.

(b) THE CASES CITED BY SOLA REALTY ARE DISTINGUISHABLE FROM THE PRESENT MATTER

To further its opposition, Sola Realty cites cases that are dissimilar to the present matter. Sola Realty relies on *Wright v. Trystone Cap. Assets, LLC (In re Wright)*, 649 B.R. 625 (Bankr. D.N.J. 2023) for the proposition that the Debtor cannot invoke the Trustee's powers under 11 U.S.C. § 544. However, *Wright* only addresses the plain language of the statute, and does not address the issue when the Trustee enters into a Consent Order authorizing the Debtor to use the Trustee's powers under 11 U.S.C. § 544 under limited circumstances.

In the matter before the Court, the Trustee and the H. Syed entered into three (3) separate Consent Orders addressing H. Syed's ability to bring three (3) separate actions against three (3) separate creditors. *Wright* addresses a broad use of 11 U.S.C. § 544, and further is more focused on a Debtor's powers under 11 U.S.C. § 522. The Motion now before the Court does not address 11 U.S.C. § 522. Nor does the Motion address H. Syed's avoidance powers under 11 U.S.C. § 544. Sola Realty's avoidance argument is a red herring that has nothing to do with the Trustee's Motion. Should the Court find a Constructive Trust exists, then from the Trustee's perspective there is no need for the Debtor to avoid the lien of Sola's judgment, since the funds at issue are not property of the Debtor or the estate and, therefore, the lien of Sola's judgment does not attach.

2. PROPERTY OF THE ESTATE REMAINS IN POSSESSION OF THE DEBTOR

11 U.S.C. § 1306 states, in part, that "(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." Therefore, it is proper for a Chapter 13 Debtor to enter into a Consent Order with a Creditor. *8 Collier on Bankruptcy P 1306.03* (16th 2023) expands on this and states:

Hon. Vincent F. Papalia
September 19, 2023
Page 4

---

> Chapter 13 requires the debtor to remain in possession of all property of
> the estate, except as otherwise provided by the confirmed plan or the order
> confirming the plan.[citation omitted]. Section 1306(b) nullifies section
> 521(a)(4), otherwise applicable in chapter 13, requiring the surrender by
> the debtor of nonexempt property of the estate.[citation omitted]. The
> confirmation of a plan vests all property of the estate in the debtor, unless
> otherwise provided by the plan or by the order confirming the
> plan.[citation omitted]. These provisions implement the design of chapter
> 13 as a debt repayment proceeding normally funded primarily from the
> future earnings or income of the debtor.[citation omitted].

Therefore, H. Syed is within his right to enter into the Consent Order that is part of this Motion.

3.  **THE THIRD CIRCUIT RECOGNIZES THE ABILITY OF THE COURT TO ESTABLISH A CONSTRUCTIVE TRUST**

In its final attempt to obfuscate the facts and law in the Motion, Sola Realty cites cases in the Second and Sixth Circuit which Sola Realty claims rejects the imposition of a Constructive Trust. This assertion is wrong on multiple levels. First, the cases cited by Sola Realty do not completely ban the imposition of a Constructive Trust, they merely state that a "substantial reason" must be found to impose a Constructive Trust.

The Trustee's initial filing with this Motion cites numerous Third Circuit and New Jersey State Court decisions establishing the parameters for imposition of a Constructive Trust. [*see* Dkt. No. 132-5 ¶¶21-34]. Sola Realty's opposition fails to address the cases cited by the Trustee from this Circuit because the law is settled and sound. The citation to other circuits is unnecessary when the law in this Circuit is robust.

## CONCLUSION

For the above stated reasons, and for the reasons stated in the Trustee's Motion at Dkt. No. 132, the Court should find that a Constructive Trust should be imposed and authorize the Consent Order executed by H. Syed and the Trustee.

Sincerely,

STEVEN A. JAYSON, ESQ.