Order Filed on December 27, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

MELLINGER KARTZMAN LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
Steven A. Jayson, Esq.
sjayson@msklaw.net
*Attorneys for Charles M. Forman, as
Chapter 7 Trustee for Prestige America Mfg. Corp.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

HASHIM SYED and NIGHAT SYED

    Debtors.

Case No.: 22-17137 (VFP)

Chapter 13

Honorable Vincent F. Papalia

**REVISED ORDER BY CONSENT RESOLVING MOTION OF CHARLES M. FORMAN, CHAPTER 7 TRUSTEE FILED PURSUANT TO FED. R. BANKR. P. 9019 RESOLVING TRUSTEE'S CLAIM AGAINST THE CHAPTER 13 DEBTORS IMPOSING A CONSTRUCTIVE TRUST OVER PROPERTY LOCATED AT 54 SAW MILL ROAD, KINNELON, NEW JERSEY**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby ORDERED.

**DATED: December 27, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

1

Debtor: Hashim Syed and Nighat Syed
Case No. 22-17137
Caption: REVISED ORDER BY CONSENT RESOLVING MOTION OF CHARLES M. FORMAN, CHAPTER 7 TRUSTEE FILED PURSUANT TO FED. R. BANKR. P. 9019 RESOLVING TRUSTEE'S CLAIM AGAINST THE CHAPTER 13 DEBTORS IMPOSING A CONSTRUCTIVE TRUST OVER PROPERTY LOCATED AT 54 SAW MILL ROAD, KINNELON, NEW JERSEY

THIS MATTER having been brought before the Court by Charles M. Forman, the Chapter 7 Trustee for Prestige America Mfg. Corp. (the "Trustee"), by and through counsel, Mellinger Kartzman LLC, on Motion for the entry of an Order Pursuant to FED. R. BANKR. P. 9019 Resolving Trustee's Claim Against the Chapter 13 Debtors, Hashim Syed and Nighat Syed, and Imposing a Constructive Trust over Property Located at 54 Saw Mill Road, Kinnelon, New Jersey(the "Motion"), and it appearing that notice of the motion has been duly served; and the Court having considered opposition to the Motion filed by Sola Realty LLC, and the arguments of counsel on December 7, 2023, which was adjourned to December 21, 2023, and that after consultation of the parties consisting of the Trustee, Marie-Ann Greenberg Chapter 13 Trustee ("Chapter 13 Trustee"), The State of New Jersey, Sola Realty, LLC and Karl J. Norgaard, the debtor's counsel (collectively, "Parties") have agreed to this revised form of order, and

WHEREAS, on July 21, 2023, the Debtor filed a motion to sell real estate located at 54 Saw Mill Road, Kinnelon, New Jersey bearing Document Number 117, resulting in and Order Authorizing Sale ("Order") entered on August 18, 2023 bearing Document Number 128, "free and clear of liens, claims and encumbrances, with valid liens, claims and encumbrances to attach to the proceeds of sale…"

WHEREAS, the Order provides that the "remaining proceeds of sale shall be held in the trust account of the debtor's attorney and not released until further order of the Court;"

WHEREAS, the Debtor's attorney is presently holding sale proceeds in the amount of $218,755.13;

WHEREAS, Trustee asserted a constructive trust ("Constructive Trust") in the amount of $211,000.00, which the parties hereto recognize as valid, resulting in proceeds in the amount of

2

$7,755.13 ("Excess Monies") above the Constructive Trust;

WHEREAS, Sola Realty LLC filed a secured proof of claim in the amount of $98,199.99 by way of Claim Number 14 and also objected to Trustee's Motion;

WHEREAS, the State of New Jersey filed a proof of claim in the secured amount of $20,692.13 by way of Claim Number 9;

WHEREAS, on May 23, 2023, an order was entered, bearing Document Number 101, granting Debtors attorney's fees in the amount of $28,071.72;

WHEREAS, Trustee filed a proof claim bearing Claim Number 23, in the amount of $1,151,152.00;

WHEREAS, the Chapter 13 Trustee is currently holding funds remitted by the Debtor in the amount of $5,000.50 and has no objection to the entry of this Consent Order;

WHEREAS, the Parties wish to resolve their claims pursuant to the terms of this Order;

WHEREAS, the Parties declare that the execution of this Agreement is made by them with their full informed knowledge and consent, following the opportunity to consult with legal counsel of their choosing. By entering into this Agreement, the Parties represent and acknowledge that they have read this Agreement and are relying on their own judgment, belief, and knowledge concerning all aspects of the matters settled herein, and are not relying on representations or statements made by other Parties or their representatives;

WHEREAS, this Consent Order may be executed in counterparts. In addition, facsimile or electronically transmitted signatures on this Consent Order shall be treated as original;

WHEREAS, the interpretation and construction of this Consent Order shall be governed by the laws of the State of New Jersey;

It is hereby:

ORDERED, that the Trustee is entitled to a Constructive Trust in the amount of $211,000.00; and it is further

ORDERED, that Trustee has agreed to retain $160,000.00 ("Settlement Funds") in full satisfaction of Claim 23 and shall make the following "carve-outs" from the Constructive Trust as set

3

forth in this Consent Order from the remaining $51,000.00 as follows: $28,071.72 to Debtor's attorney, $20,000.00 to Sola Realty, LLC, and $2,928.28 to the State of New Jersey; and it is further

ORDERED, that from the Excess Monies in the amount of $7,755.13 Debtor's attorney is authorized and shall distribute $7,071.72 to the State of New Jersey, which will result in the State of New Jersey receiving a total of $10,000.00 ($2,928.28 + $7,071.72) and the remaining $683.41 shall be paid to the chapter 13 Trustee with the intent that is be distributed in accordance with the debtor's plan to be proposed following entry of this Consent Order; and it is further

ORDERED, that Claim Number 14 is hereby expunged upon Sola Realty's receipt of $20,000.00 and Sola Realty further agrees to release, waive, remit, acquit, satisfy, and forever discharge any and all direct claims against the Chapter 13 Debtors whether known or unknown, suspected or unsuspected, anticipated or unanticipated; and it is further

ORDERED, that Claim Number 23 is hereby expunged upon Trustee's receipt of the Settlement Funds and Trustee in his capacity as Chapter 7 Trustee for the Estate of Prestige America Mfg. Corp. in case number 21-19297, releases, waives, remits, acquits, satisfies, and forever discharges any and all direct claims against the Chapter 13 Debtors only, whether known or unknown, suspected or unsuspected, anticipated or unanticipated. Provided however, that the release of the debtors shall not in any respect release or impair any claims the Trustee has or may have against any third parties that are not the Chapter 13 Debtors related to actions taken or not taken by the Debtors. The Trustee's right to pursue avoidance actions or any other claims against third parties is expressly preserved; and it is further

ORDERED, that in consideration of the mutual promises contained herein, the Chapter 13 Debtors do hereby release, waive, remit, acquit, satisfy, and forever discharge the Trustee and the Chapter 7 Debtor's Bankruptcy Estate from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which the Chapter 13 Debtors may have or may claim to have against the Trustee or the Chapter 7 Debtor's Bankruptcy Estate as of the date of this Agreement related directly or

4

indirectly. In addition, the Chapter 13 Debtors hereby covenant not to sue the Trustee or the Chapter 7 Debtor's Bankruptcy Estate for any claim that the Chapter 13 Debtors have or may have had as of the date of this Agreement related to the Chapter 13 Bankruptcy Case or the Chapter 7 Bankruptcy Case.

ORDERED, that the secured portion of Claim Number 9 is hereby reduced by $10,000.00 upon its receipt of $10,000.00; and it is further

ORDERED, that the stay set forth in Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy shall not apply to this Order and the Order shall be effective immediately; and it is further

ORDERED, that notwithstanding Bankruptcy Rule 6004(h) this Order is effective immediately upon entry.

And it is also ORDERED AS FOLLOWS:

1. The Settlement Agreement (the "Agreement") is hereby approved pursuant to FED. R. BANKR. P. 9019. A copy of the Agreement is annexed hereto as Exhibit "A".

2. The parties hereto shall execute any and all documents and pleadings reasonably necessary to implement the provisions of the Agreement.

3. A Constructive Trust[1] shall be imposed upon the Property and the proceeds of the sale of the Property to the extent set forth in the Settlement Agreement upon entry of this Order.

4. The Chapter 13 Debtors and the Chapter 13 Debtors' attorney are hereby required to remit the Settlement Funds to the Trustee within five (5) days of the entry of this Order, or upon the sale of the Property, whichever event occurs later.

5. The Court shall retain jurisdiction to enforce the terms of the settlement and the within Order.

6. A copy of this Order shall be served on all parties who are affected by this action within seven (7) days of the date hereof.

---

[1] Any capitalized terms not defined herein shall have the same meaning as the Certification of Charles M. Forman

5

The undersigned are authorized to and hereby do consent to the form and entry of this Revised Order by Consent.

By: *Heather Lynn Anderson*
Heather Anderson, Esq.
Attorney for State of New Jersey

Date:

By: _____
Steven Kartzman, Esq.
Attorney for Charles Forman/ Trustee

Date: 12/18/23

By: _____
Karl J. Norgaard, Esq.
*Attorney for Debtors*

Date: 12-18-23

By: _____
John Di Iorio, Esq.
Attorney for Sola Realty, LLC

Date: 12/18/23

6

# EXHIBIT "A"

# SETTLEMENT AGREEMENT

August 59

This Settlement Agreement ("Agreement"), dated as of this 2nd day of July 2023, is entered into by and between Charles M. Forman (the "Trustee") as chapter 7 trustee of the estate of Prestige America Mfg. Corp. (the "Chapter 7 Debtor"), on the one hand, and Hashim Syed ("H. Syed") and Nighat Syed ("N. Syed") (jointly, severally, and collectively, the "Chapter 13 Debtors"). The Trustee and the Chapter 13 Debtors shall hereinafter sometimes be referred to collectively as, the "Parties."

## BACKGROUND

WHEREAS, on December 1, 2021, the Chapter 7 Debtor voluntarily filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), under docket number 21-19297 (VFP) (the "Chapter 7 Bankruptcy Case"); and

WHEREAS, the Trustee was thereafter duly appointed as trustee of the Chapter 7 Debtor's Bankruptcy Estate pursuant to 11 U.S.C. § 704; and

WHEREAS, on September 8, 2022, the Chapter 13 Debtors voluntarily filed a petition for relief under chapter 13 of title 11 of the Bankruptcy Code in the Bankruptcy Court under docket number 22-17137 (VFP) (the "Chapter 13 Bankruptcy Case"); and

WHEREAS, on August 24, 2021, H. Syed withdrew $211,000.00 by way of a bank check from the Columbia Bank Account of the Chapter 7 Debtor made payable to Vital Abstract LLC (the "Check") (Exhibit "A"); and

WHEREAS, on August 27, 2021, Abstract Title deposited the Check in its account (Exhibit "B"); and

WHEREAS, the Check deposited by Abstract Title on August 27, 2021, was for the purchase of property located at 54 Saw Mill Road, Kinnelon, New Jersey, 07405 (the "Property") by H. Syed (Exhibit "B"); and

WHEREAS, on September 1, 2021, Abstract Title disbursed the proceeds of the Check for the purchase of the Property by H. Syed (Exhibit "B"); and

WHEREAS, on September 1, 2021, H. Syed completed the purchase of the Property for the benefit of the Chapter 13 Debtors (Exhibit "B"); and

WHEREAS, the Property was for the benefit of the Chapter 13 Debtors as their primary residence; and

WHEREAS, the Chapter 7 Debtor received no benefit from the Purchase of the Property by H. Syed; and

WHEREAS, H. Syed siphoned funds of the Chapter 7 Debtor, the $211,000, and converted those funds for his own personal use for the purchase of the Property; and

WHEREAS, the Trustee alleges that H. Syed committed a wrongful act when he misappropriated funds from the Chapter 7 Debtor through improper means; and

WHEREAS, the funds can be directly traced from the Chapter 7 Debtor to the purchase of the Property; and

WHEREAS, the Trustee alleges that the conversion of the Chapter 7 Debtor's $211,000 by H. Syed to purchase the Property warrants the imposition of a Constructive Trust (the "**Constructive Trust**") in favor of the Chapter 7 Debtor over the Property pursuant to *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707 (D.N.J. 2013), *Van Horn, Metz & Co. v. Crisafulli*, Civil Action No. 21-01128 (FLW), 2021 U.S. Dist. LEXIS 182039, at *26 (D.N.J. Sep. 23, 2021), *Thompson v. City of Atl. City*, 386 N.J. Super. 359 (App. Div. 2006), *SEC v. Antar*, 120 F. Supp. 2d 431 (D.N.J. 2000), and *Hirsch v. Travelers Ins. Co.*, 134 N.J. Super. 466 (App. Div. 1975); and

WHEREAS, on July 17, 2023, the Chapter 13 Debtors filed a Motion for Authorization to Sell Property and for Allowance of Broker's Commission and Counsel Fees (the "**Sale Motion**") [Dkt. No. 110]; and

WHEREAS, failing to establish a Constructive Trust on the proceeds of the sale of the Property would be unequitable and result in the unjust enrichment of other creditors of the Chapter 13 Debtors by receiving a *pro rata* dividend of the sale proceeds that were obtained from the wrongful taking of $211,000 of the Chapter 7 Debtor's property; and

WHEREAS, absent an agreement imposing a Constructive Trust, the Trustee would oppose the Sale Motion, object to confirmation of the Chapter 13 Debtors' Plan, and file an adversary proceeding; and

WHEREAS, the Parties desire to settle this matter between them.

NOW THEREFORE, in consideration of, and for the promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties hereto, intending to be legally bound, agree as follows:

### TERMS

A.  **Settlement Payment.** Upon entry of an Order approving this Agreement, a Constructive Trust shall be imposed on the Property and the proceeds of the sale of the Property in favor of the Chapter 7 Debtor. On the date of the sale of the Property by the Chapter 13 Debtors, the closing agent shall remit to the Trustee the sum of no less than ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) (the "**Settlement Funds**"), or such other greater amount as calculated pursuant to Paragraph A.i below.

i.

| Item | Amount |
| --- | --- |
| Sale Price | $1,125,000 |
| Repair Credit | ($15,000) |
| Net Sale Price | $1,110,000 |
| Mortgage through August 30, 2023 | ($828,000) |
| Realtor at 5% | ($55,500) |
| Debtor's Attorney | ($28,000) |
| State of New Jersey Proof of Claim 9-1 (DJ-168741-21 and DJ-168742-21) | ($20,692.13) |
| Debtor's Exemption | ($15,000)[1] |
| Trustee's Constructive Trust | $162,807.87 |

ii. The Trustee shall be paid the greater of $160,000 and the net sale proceeds of the sale of the Property. Should the amounts payable to others than the Trustee be greater than the amounts shown herein, the amount payable to the Debtor on account of his exemption claims shall be reduced accordingly.

B. **Release of Chapter 13 Debtors**. In consideration of the mutual promises contained herein, and upon receipt of the Settlement Funds, the Trustee does hereby, in his capacity as Chapter 7 Trustee for the Estate, release, waive, remit, acquit, satisfy, and forever discharge any and all direct claims against the Chapter 13 Debtors only, whether known or unknown, suspected or unsuspected, anticipated or unanticipated. The Trustee shall withdraw its proof of claim filed in the Chapter 13 Bankruptcy upon receipt of the Settlement Funds. Provided however, that the release of the debtors shall not in any respect release or impair any claims the Trustee has or may have against any third parties that are not the Chapter 13 Debtors related to actions taken or not taken by the Debtors. The Trustee's right to pursue avoidance actions or any other claims against third parties is expressly preserved.

C. **Release of the Trustee**. In consideration of the mutual promises contained herein, the Chapter 13 Debtors do hereby release, waive, remit, acquit, satisfy, and forever discharge the Trustee and the Chapter 7 Debtor's Bankruptcy Estate from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever

---

[1] Additional $10,000 shall be remitted to the H. Syed by his realtor pursuant to an agreement between H. Syed and his realtor.

3

nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which the Chapter 13 Debtors may have or may claim to have against the Trustee or the Chapter 7 Debtor's Bankruptcy Estate as of the date of this Agreement related directly or indirectly. In addition, the Chapter 13 Debtors hereby covenant not to sue the Trustee or the Chapter 7 Debtor's Bankruptcy Estate for any claim that the Chapter 13 Debtors have or may have had as of the date of this Agreement related to the Chapter 13 Bankruptcy Case or the Chapter 7 Bankruptcy Case.

D. **Acknowledgement/Voluntary Execution.** The Parties declare that the execution of this Agreement is made by them with their full informed knowledge and consent, following the opportunity to consult with legal counsel of their choosing. By entering into this Agreement, the Parties represent and acknowledge that they have read this Agreement and are relying on their own judgment, belief, and knowledge concerning all aspects of the matters settled herein, and are not relying on representations or statements made by other Parties or their representatives.

E. **Counterparts.** This Agreement may be executed in counterparts. In addition, facsimile or electronically transmitted signatures on this Agreement shall be treated as original.

F. **Governing Law.** The interpretation and construction of this Agreement shall be governed by the laws of the State of New Jersey.

G. **Headings.** The paragraph headings in this Agreement are for convenience only and shall not affect the meaning or interpretation of its provisions.

H. **Severability.** If any term or provision of this Agreement is determined by a court of competent jurisdiction to be illegal or unenforceable, all other terms and provisions of this Agreement will remain effective and will be enforced to the fullest extent permitted by applicable law.

I. **Written Modifications Only.** No modification, amendment, supplement to, or waiver of this Agreement or any of its provisions shall be binding unless made in writing and signed by the Parties. The Parties agree to execute any and all documents and pleadings reasonably necessary to implement all of the foregoing provisions.

J. **Authorization by the Bankruptcy Court.** The terms of this Agreement are subject to the Court's approval and the issuance of Notices of Settlement (the "Notices") and the following:

    i. if no objection to the Notices is filed, the issuance and docketing of Certifications of No Objection by the Clerk of the Bankruptcy Court; or

    ii. if any objections to the Notices is filed, the overruling of any such objection by the Bankruptcy Court and entry of an Order approving the Agreement contemplated herein, which has become final and non-appealable.

4

K.  **Rejection by the Bankruptcy Court.** In the event that an objection to the Agreement is filed and sustained, the terms of this settlement are null and void and the parties shall be restored to their pre-settlement positions.

L.  **Benefit of the Parties.** The Parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors and/or assigns, are bound by Agreement. This Agreement is made for the benefit of the parties and all who succeed to their rights and responsibilities.

M.  **Bankruptcy Court's Jurisdiction.** The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate all matters arising under or in connection with this Agreement.

N.  **Entire Agreement.** This Agreement contains the entire agreement among the Parties with respect to the subject matter hereto. The Parties acknowledge that they are not relying on any prior representation, and are relying solely on the terms of this written Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Party hereto to any other Party concerning the subject matter hereof, other than as set forth herein.

[SIGNATURES TO FOLLOW]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

MELLINGER KARTZMAN LLC
*Attorneys for Charles M. Forman, as Chapter 7 Trustee*

By: _____
STEVEN A. JAYSON, ESQ.

Dated: ~~July ___, 2023~~
August 2, 2023

NORGARD, O'BOYLE & HANNON
*Attorneys for Chapter 13 Debtors, Hashim Syed and Nighat Syed*

By: _____
KARL J. NORGAARD, ESQ.

Dated: July 31, 2023

_____
Hashim Syed, Debtor

_____
Nighat Syed, Debtor

6

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 22-17137-VFP |
| Hasham R. Syed | Chapter 13 |
| Nighat A. Syed | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 27, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 29, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Hasham R. Syed, Nighat A. Syed, 29 Phillip Drive, Parsippany, NJ 07054-4370 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 29, 2023            Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 27, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David L. Stevens | on behalf of Creditor Amzad Mursalim dstevens@scura.com dstevens@scura.com;ecfbkfilings@scuramealey.com;pevangelista@scura.com;amurphy@scura.com;vmajano@scura.com;jromero@scura.com;spereyra@scura.com;14518@notices.nextchapterbk.com;dwoody@scura.com;sterry@scura |
| Denise E. Carlon | on behalf of Creditor AmWest Funding Corporation dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Heather Lynn Anderson | on behalf of Creditor State Of New Jersey Division Of Taxation heather.anderson@law.dol.lps.state.nj.us |
| John P. Di Iorio | on behalf of Creditor Sola Realty LLC jdiiorio@shapiro-croland.com |
| Judah B Loewenstein | on behalf of Creditor Charles M. Forman as Ch. 7 Trustee for Prestige America Mfg Corp. jloewenstein@msklaw.net, |

sjayson@msklaw.net;pmasiello@msklaw.net;donnaz@msklaw.net

Karl J. Norgaard

on behalf of Plaintiff Hasham R. Syed knorgaard@norgaardfirm.com
sferreira@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Karl J. Norgaard

on behalf of Joint Debtor Nighat A. Syed knorgaard@norgaardfirm.com
sferreira@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Karl J. Norgaard

on behalf of Debtor Hasham R. Syed knorgaard@norgaardfirm.com
sferreira@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Kimberly A. Wilson

on behalf of Creditor JPMORGAN CHASE BANK N.A. kimwilson@raslg.com

Marie-Ann Greenberg

magecf@magtrustee.com

Rebecca K. McDowell

on behalf of Creditor MMG Investments III LLC as assignee of CL45 MW Loan 1, LLC rmcdowell@slgcollect.com, anovoa@slgcollect.com

Sindi Mncina

on behalf of Creditor JPMORGAN CHASE BANK N.A. smncina@raslg.com

Steven A. Jayson

on behalf of Creditor Charles M. Forman as Ch. 7 Trustee for Prestige America Mfg Corp. sjayson@msklaw.net, jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 14